Thomas M. Melton (Utah State Bar No. 4999)
meltont@sec.gov
Daniel Wadley (Utah State Bar No. 10358)
wadleyd@sec.gov
Attorneys for Plaintiff
Securities and Exchange Commission
15 West South Temple, Suite 1800
Salt Lake City, Utah 84101
Telephone:  801-524-5796
Facsimile: 801-524-5262

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>PLAINTIFF,<br><br>v.<br><br>JAMES B. CATLEDGE, DEREK F. C. ELLIOTT, EMI RESORTS (S.V.G.) INC., a St. Vincent and Grenadines corporation, EMI SUN VILLAGE, INC., a Turks and Caicos Islands corporation, and SUN VILLAGE JUAN DOLIO, INC., a Turks and Caicos Islands corporation,<br><br>DEFENDANTS,<br><br>and<br><br>D.R.C.I. TRUST, a Cook Islands trust,<br><br>RELIEF DEFENDANT. | Civil No. 2:12-cv-00887-JCM-RJJ<br><br>Judge: James C. Mahan<br><br>Magistrate Judge: Robert J. Johnston |

**CONSENT OF DEFENDANT DEREK F. C. ELLIOTT**

1. Defendant (the "Defendant") waives service of a summons and the Complaint in this action, enters a general appearance, and admits the Court's jurisdiction over Defendant and over the subject matter of this action.



2. Without admitting or denying the allegations of the Complaint (except as to personal and subject matter jurisdiction, which Defendant admits), Defendant hereby consents to the entry of the final judgment in the form attached hereto (the "Final Judgment") and incorporated by reference herein, which, among other things, permanently restrains and enjoins Defendant from violations of Sections 5(a), 5(c) and 17(a)(1),(2) and (3) of the Securities Act of 1933 (the "Securities Act"), and Section 15(a) of the Securities Exchange Act of 1934 (the "Exchange Act").

3. Defendant acknowledges that the Commission, may, by future motion, seek to impose a civil penalty of not more than $250,000 against him subject to the Defendant's cooperation in this matter or any related matter.

4. Defendant waives the entry of findings of fact and conclusions of law pursuant to Rule 52 of the Federal Rules of Civil Procedure.

5. Defendant waives the right, if any, to appeal from the entry of the Final Judgment.

6. Defendant enters into this Consent voluntarily and represents that no threats, offers, promises, or inducements of any kind have been made by the Commission or any member, officer, employee, agent, or representative of the Commission to induce Defendant to enter into this Consent.

7. Defendant agrees that this Consent shall be incorporated into the Final Judgment with the same force and effect as if fully set forth therein.

8. Defendant will not oppose the enforcement of the Final Judgment on the ground, if any exists, that it fails to comply with Rule 65(d) of the Federal Rules of Civil Procedure, and hereby waives any objection based thereon.



9. Defendant waives service of the Final Judgment and agrees that entry of the Final Judgment by the Court and filing with the Clerk of the Court will constitute notice to Defendant of its terms and conditions. Defendant further agrees to provide counsel for the Commission, within thirty days after the Final Judgment is filed with the Clerk of the Court, with an affidavit or declaration stating that Defendant has received and read a copy of the Final Judgment.

10. Consistent with 17 C.F.R. 202.5(f), this Consent resolves only the claims asserted against Defendant in this civil proceeding. Defendant acknowledges that no promise or representation has been made by the Commission or any member, officer, employee, agent, or representative of the Commission with regard to any criminal liability that may have arisen or may arise from the facts underlying this action or immunity from any such criminal liability. Defendant waives any claim of Double Jeopardy based upon the settlement of this proceeding, including the imposition of any remedy or civil penalty herein. Defendant further acknowledges that the Court's entry of a permanent injunction may have collateral consequences under federal or state law and the rules and regulations of self-regulatory organizations, licensing boards, and other regulatory organizations. Such collateral consequences include, but are not limited to, a statutory disqualification with respect to membership or participation in, or association with a member of, a self-regulatory organization. This statutory disqualification has consequences that are separate from any sanction imposed in an administrative proceeding. In addition, in any disciplinary proceeding before the Commission based on the entry of the injunction in this action, Defendant understands that he shall not be permitted to contest the factual allegations of the Complaint in this action.



11.     Defendant understands and agrees to comply with the Commission's policy "not to permit a defendant or respondent to consent to a judgment or order that imposes a sanction while denying the allegation in the complaint or order for proceedings." 17 C.F.R. § 202.5. In compliance with this policy, Defendant agrees: (i) not to take any action or to make or permit to be made any public statement denying, directly or indirectly, any allegation in the complaint or creating the impression that the complaint is without factual basis; and (ii) that upon the filing of this Consent, Defendant hereby withdraws any papers filed in this action to the extent that they deny any allegation in the complaint. If Defendant breaches this agreement, the Commission may petition the Court to vacate the Final Judgment and restore this action to its active docket. Nothing in this paragraph affects Defendant's: (i) testimonial obligations; or (ii) right to take legal or factual positions in litigation or other legal proceedings in which the Commission is not a party.

12.     Defendant hereby waives any rights under the Equal Access to Justice Act, the Small Business Regulatory Enforcement Fairness Act of 1996, or any other provision of law to pursue reimbursement of attorneys' fees or other fees, expenses, or costs expended by Defendant to defend against this action. For these purposes, Defendant agrees that Defendant is not the prevailing party in this action since the parties have reached a good faith settlement.

13.     Defendant agrees that the Commission may present the Final Judgment to the Court for signature and entry without further notice.

14.     Defendant agrees that this Court shall retain jurisdiction over this matter for the purpose of enforcing the terms of the Final Judgment.

Dated: July 25, 2012

_____
Derek F. C. Elliott

On July 25, 2012, Derek F. C. Elliott, a person known to me, personally appeared before me and acknowledged executing the foregoing Consent.

_____
Notary Public
Commission expires: No Expiry

5

Thomas M. Melton (Utah State Bar No. 4999)
meltont@sec.gov
Daniel Wadley (Utah State Bar No. 10358)
wadleyd@sec.gov
Attorneys for Plaintiff
Securities and Exchange Commission
15 West South Temple, Suite 1800
Salt Lake City, Utah 84101
Telephone: 801-524-5796
Facsimile: 801-524-5262

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>PLAINTIFF,<br><br>v.<br><br>JAMES B. CATLEDGE, DEREK F. C. ELLIOTT, EMI RESORTS (S.V.G.) INC., a St. Vincent and Grenadines corporation, EMI SUN VILLAGE, INC., a Turks and Caicos Islands corporation, and SUN VILLAGE JUAN DOLIO, INC., a Turks and Caicos Islands corporation,<br><br>DEFENDANTS,<br><br>and<br><br>D.R.C.I. TRUST, a Cook Islands trust,<br><br>RELIEF DEFENDANT. | Civil No. 2:12-cv-00887-JCM-RJJ<br><br>Judge: James C. Mahan<br><br>Magistrate Judge: Robert J. Johnston |

**JUDGMENT AS TO DEFENDANT DEREK F.C. ELLIOTT**

The Securities and Exchange Commission (the "Commission") having filed a Complaint and Defendant Derek F.C. Elliott (the "Defendant") having entered a general appearance; consented to the Court's jurisdiction over Defendant and the subject matter of this action; consented to entry of this Final Judgment without admitting or denying the

allegations of the Complaint (except as to jurisdiction); waived findings of fact and conclusions of law; and waived any right to appeal from this Final Judgment:

I.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant and Defendant's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating Sections 17(a)(1), (2) and (3) of the Securities Act [15 U.S.C. § 77q(a)(1), (2) and (3)] in the offer or sale of any security by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly:

    (a)    to employ any device, scheme, or artifice to defraud;

    (b)    to obtain money or property by means of any untrue statement of a material fact or any omission of a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

    (c)    to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser.

II.

IT IS HEREBY FURTHER ORDERED, ADJUDGED AND DECREED that Defendant, and Defendant's agents, servants, employees, attorneys and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating Sections 5(a)

and 5(c) of the Securities Act [15 U.S.C. § 77e (a) and (c)] by, directly or indirectly, in the absence of any applicable exemption:

    (a)    Unless a registration statement is in effect as to a security, making use of the means or instruments of transportation or communication in interstate commerce or of the mails to sell such security through the use or medium of any prospectus or otherwise;

    (b)    Unless a registration statement is in effect as to a security, carrying or causing to be carried through the mails or in interstate commerce, by any means or instruments of transportation, any such security for the purpose of sale or for delivery after sale; or

    (c)    Making use of any means or instruments of transportation or communication in interstate commerce or of the mails to offer to sell or offer to buy through the use or medium of any prospectus or otherwise any security, unless a registration statement has been filed with the Commission as to such security, or while the registration statement is the subject of a refusal order or stop order or (prior to the effective date of the registration statement) any public proceeding or examination under Section 8 of the Securities Act [15 U.S.C. § 77h).

III.

IT IS HEREBY FURTHER ORDERED, ADJUGED, AND DECREED that, Defendant and Defendant's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating,

directly or indirectly, Section 15(a) of the Exchange Act [15 U.S.C. § 78o(a)] to use the mails or any means or instrumentality of interstate commerce, directly or indirectly, to effect any transactions in, or to induce or attempt to induce the purchase or sale of, any security unless Defendant is registered in accordance with Section 15(b) of the Exchange Act [15 U.S.C. § 78o(b)].

V.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that based on Defendant's agreement to cooperate in this Commission enforcement action, the Court is not ordering Defendant to pay a civil penalty at this time.  The Commission shall be authorized to seek a civil penalty of not more than $250,000 by subsequent motion.

VI.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the Consent is incorporated herein with the same force and effect as if fully set forth herein, and that Defendant shall comply with all of the undertakings and agreements set forth therein.



VII.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

Dated: October 5, 2012.

_____
Honorable JAMES C. MAHAN
United States District Judge

Presented by:

_____
Thomas M. Melton
Daniel J. Wadley
Attorneys for Plaintiff
Securities and Exchange Commission

Approved as to form:

_____
Derek F.C. Elliott