Daniel J. Wadley (Utah State Bar No. 10358)
wadleyd@sec.gov
Alison J. Okinaka (Utah State Bar No. 07954)
okinakaa@sec.gov
Attorneys for Plaintiff
Securities & Exchange Commission
351 S. West Temple, Suite 6.100
Salt Lake City, Utah 84101
Telephone: 801-524-5796
Facsimile: 801-524-5262

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| **SECURITIES AND EXCHANGE COMMISSION,** ) | |
| ) | |
| **PLAINTIFF,** ) | |
| ) | |
| v. ) | |
| ) | |
| **JAMES B. CATLEDGE, DEREK F. C. ELLIOTT,** ) | Civil No. 2:12-cv-00887-JCM-RJJ |
| **EMI RESORTS (S.V.G.) INC., a St. Vincent and** ) | |
| **Grenadines corporation, EMI SUN VILLAGE,** ) | Judge: James C. Mahan |
| **INC., a Turks and Caicos Islands corporation, and** ) | |
| **SUN VILLAGE JUAN DOLIO, INC., a Turks and** ) | Magistrate Judge: Nancy J. Koppe |
| **Caicos Islands corporation,** ) | |
| ) | |
| **DEFENDANTS,** ) | |
| ) | |
| **and** ) | |
| ) | |
| **D.R.C.I. TRUST, a Cook Islands trust,** ) | |
| ) | |
| **RELIEF DEFENDANT.** ) | |
| ) | |

## CONSENT OF DEFENDANT JAMES B. CATLEDGE

1.    Defendant James B. Catledge ("Defendant") acknowledges having been served

with the complaint in this action, enters a general appearance, and admits the Court's jurisdiction

over Defendant and over the subject matter of this action.

2.      Without admitting or denying the allegations of the complaint (except as provided herein in paragraph 11 and except as to personal and subject matter jurisdiction, which Defendant admits), Defendant hereby consents to the entry of the Judgment in the form attached hereto (the "Judgment") and incorporated by reference herein, which, among other things:

(a)      permanently restrains and enjoins Defendant from violation of Sections 5 and 17(a) of the Securities Act [15 U.S.C §§ 77e and 77q], and Section 15(a) of the Exchange Act [15 U.S.C. § 78o(a)];

3.      Defendant agrees that, upon motion of the Commission, the Court shall determine whether it is appropriate to order disgorgement of ill-gotten gains and/or a civil penalty pursuant to Section 20(d) of the Securities Act [15 U.S.C. § 77t(d)] and Section 21(d)(3) of the Exchange Act [15 U.S.C. § 78u(d)(3)] and, if so, the amount(s) of the disgorgement and/or civil penalty. The Defendant further understands that, if disgorgement is ordered, Defendant shall pay prejudgment interest thereon, calculated from October, 2004, based on the rate of interest used by the Internal Revenue Service for the underpayment of federal income tax as set forth in 26 U.S.C. § 6621(a)(2). Defendant further agrees that in connection with the Commission's motion for disgorgement and/or civil penalties, and at any hearing held on such a motion: (a) Defendant will be precluded from arguing that he did not violate the federal securities laws as alleged in the Complaint; (b) Defendant may not challenge the validity of this Consent or the Final Judgment; (c) solely for the purposes of such motion, the allegations of the Complaint shall be accepted as and deemed true by the Court; and (d) the Court may determine the issues raised in the motion on the basis of affidavits, declarations, excerpts of sworn deposition or investigative testimony, and documentary evidence, without regard to the standards for summary judgment contained in Rule 56(c) of the Federal Rules of Civil Procedure. In connection with the Commission's

motion for disgorgement and/or civil penalties, the parties may take discovery, including discovery from appropriate non-parties.  In determining whether to recommend disgorgement and/or civil penalties to the Court, the Commission may take into consideration any order of restitution and/or incarceration of Defendant in any related criminal action.

4.      Defendant waives the entry of findings of fact and conclusions of law pursuant to Rule 52 of the Federal Rules of Civil Procedure.

5.      Defendant waives the right, if any, to a jury trial and to appeal from the entry of the Judgment.

6.      Defendant enters into this Consent voluntarily and represents that no threats, offers, promises, or inducements of any kind have been made by the Commission or any member, officer, employee, agent, or representative of the Commission to induce Defendant to enter into this Consent.

7.      Defendant agrees that this Consent shall be incorporated into the Judgment with the same force and effect as if fully set forth therein.

8.      Defendant will not oppose the enforcement of the Judgment on the ground, if any exists, that it fails to comply with Rule 65(d) of the Federal Rules of Civil Procedure, and hereby waives any objection based thereon.

9.      Defendant waives service of the Judgment and agrees that entry of the Judgment by the Court and filing with the Clerk of the Court will constitute notice to Defendant of its terms and conditions.  Defendant further agrees to provide counsel for the Commission, within thirty days after the Judgment is filed with the Clerk of the Court, with an affidavit or declaration stating that Defendant has received and read a copy of the Judgment.

10.     Consistent with 17 C.F.R. 202.5(f), this Consent resolves only the claims asserted against Defendant in this civil proceeding.  Defendant acknowledges that no promise or representation has been made by the Commission or any member, officer, employee, agent, or representative of the Commission with regard to any criminal liability that may have arisen or may arise from the facts underlying this action or immunity from any such criminal liability. Defendant waives any claim of Double Jeopardy based upon the settlement of this proceeding, including the imposition of any remedy or civil penalty herein.  Defendant further acknowledges that the Court's entry of a permanent injunction may have collateral consequences under federal or state law and the rules and regulations of self-regulatory organizations, licensing boards, and other regulatory organizations.  Such collateral consequences include, but are not limited to, a statutory disqualification with respect to membership or participation in, or association with a member of, a self-regulatory organization.  This statutory disqualification has consequences that are separate from any sanction imposed in an administrative proceeding.  In addition, in any disciplinary proceeding before the Commission based on the entry of the injunction in this action, Defendant understands that he shall not be permitted to contest the factual allegations of the complaint in this action.

11.     Defendant understands and agrees to comply with the terms of 17 C.F.R. § 202.5(e), which provides in part that it is the Commission's policy "not to permit a defendant or respondent to consent to a judgment or order that imposes a sanction while denying the allegations in the complaint or order for proceedings," and "a refusal to admit the allegations is equivalent to a denial, unless the defendant or respondent states that he neither admits nor denies the allegations."  As part of Defendant's agreement to comply with the terms of Section 202.5(e), Defendant: (i) will not take any action or make or permit to be made any public statement

denying, directly or indirectly, any allegation in the complaint or creating the impression that the complaint is without factual basis; (ii) will not make or permit to be made any public statement to the effect that Defendant does not admit the allegations of the complaint, or that this Consent contains no admission of the allegations, without also stating that Defendant does not deny the allegations; (iii) upon the filing of this Consent, Defendant hereby withdraws any papers filed in this action to the extent that they deny any allegation in the complaint; and (iv) stipulates solely for purposes of exceptions to discharge set forth in Section 523 of the Bankruptcy Code, 11 U.S.C. §523, that the allegations in the complaint are true, and further, that any debt for disgorgement, prejudgment interest, civil penalty or other amounts due by Defendant under the Judgment or any other judgment, order, consent order, decree or settlement agreement entered in connection with this proceeding, is a debt for the violation by Defendant of the federal securities laws or any regulation or order issued under such laws, as set forth in Section 523(a)(19) of the Bankruptcy Code, 11 U.S.C. §523(a)(19).  If Defendant breaches this agreement, the Commission may petition the Court to vacate the Judgment and restore this action to its active docket.  Nothing in this paragraph affects Defendant's: (i) testimonial obligations; or (ii) right to take legal or factual positions in litigation or other legal proceedings in which the Commission is not a party.

12.     Defendant hereby waives any rights under the Equal Access to Justice Act, the Small Business Regulatory Enforcement Fairness Act of 1996, or any other provision of law to seek from the United States, or any agency, or any official of the United States acting in his or her official capacity, directly or indirectly, reimbursement of attorney's fees or other fees, expenses, or costs expended by Defendant to defend against this action.  For these purposes,

Defendant agrees that Defendant is not the prevailing party in this action since the parties have reached a good faith settlement.

13.     Defendant agrees that the Commission may present the Judgment to the Court for signature and entry without further notice.

14.     Defendant agrees that this Court shall retain jurisdiction over this matter for the purpose of enforcing the terms of the Judgment.

Dated: _May 1 2018_

_____
James B. Catledge


On _5-1-_____, 2018, James B. Catledge, a person known to me, personally appeared before me and acknowledged executing the foregoing Consent.

_____
Notary Public
Commission expires: _2-21-19_

> RON J. SEGAL
> Commission # 2098015
> Notary Public - California
> San Diego County
> My Comm. Expires Feb 21, 2019

6

Daniel J. Wadley (Utah State Bar No. 10358)
wadleyd@sec.gov
Alison J. Okinaka (Utah State Bar No. 07954)
okinakaa@sec.gov
Attorneys for Plaintiff
Securities & Exchange Commission
351 S. West Temple, Suite 6.100
Salt Lake City, Utah 84101
Telephone:  801-524-5796
Facsimile: 801-524-5262

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| **SECURITIES AND EXCHANGE COMMISSION,** ) | |
| ) | |
| **PLAINTIFF,** ) | |
| ) | |
| **v.** ) | |
| ) | |
| **JAMES B. CATLEDGE, DEREK F. C. ELLIOTT,** ) | Civil No. 2:12-cv-00887-JCM-RJJ |
| **EMI RESORTS (S.V.G.) INC., a St. Vincent and** ) | |
| **Grenadines corporation, EMI SUN VILLAGE,** ) | Judge: James C. Mahan |
| **INC., a Turks and Caicos Islands corporation, and** ) | |
| **SUN VILLAGE JUAN DOLIO, INC., a Turks and** ) | Magistrate Judge: Nancy J. Koppe |
| **Caicos Islands corporation,** ) | |
| ) | |
| **DEFENDANTS,** ) | |
| ) | |
| **and** ) | |
| ) | |
| **D.R.C.I. TRUST, a Cook Islands trust,** ) | |
| ) | |
| **RELIEF DEFENDANT.** ) | |

### JUDGMENT AS TO DEFENDANT JAMES B. CATLEDGE

The Securities and Exchange Commission (the "Commission") having filed a Complaint

and Defendant James B. Catledge (the "Defendant") having entered a general appearance;

consented to the Court's jurisdiction over Defendant and the subject matter of this action;

consented to entry of this Judgment without admitting or denying the allegations of the

Complaint (except as to jurisdiction); waived findings of fact and conclusions of law; and waived

any right to appeal from this Judgment:

I.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant

and Defendant's agents, servants, employees, attorneys, and all persons in active concert or

participation with them who receive actual notice of this Judgment by personal service or

otherwise are permanently restrained and enjoined from violating Sections 17(a)(1), (2) and (3)

of the Securities Act [15 U.S.C. § 77q(a)(1), (2) and (3)] in the offer or sale of any security by

the use of any means or instruments of transportation or communication in interstate commerce

or by use of the mails, directly or indirectly:

      (a)      to employ any device, scheme, or artifice to defraud;

      (b)      to obtain money or property by means of any untrue statement of a material fact

      or any omission of a material fact necessary in order to make the statements made, in

      light of the circumstances under which they were made, not misleading; or

      (c)      to engage in any transaction, practice, or course of business which operates or

      would operate as a fraud or deceit upon the purchaser.

II.

IT IS HEREBY FURTHER ORDERED, ADJUDGED AND DECREED that Defendant, and

Defendant's agents, servants, employees, attorneys and all persons in active concert or

participation with them who receive actual notice of this Judgment by personal service or

otherwise are permanently restrained and enjoined from violating Sections 5(a) and 5(c) of the

Securities Act [15 U.S.C. § 77e (a) and (c)] by, directly or indirectly, in the absence of any

applicable exemption:

2

(a)      Unless a registration statement is in effect as to a security, making use of the means or instruments of transportation or communication in interstate commerce or of the mails to sell such security through the use or medium of any prospectus or otherwise;

(b)      Unless a registration statement is in effect as to a security, carrying or causing to be carried through the mails or in interstate commerce, by any means or instruments of transportation, any such security for the purpose of sale or for delivery after sale; or

(c)      Making use of any means or instruments of transportation or communication in interstate commerce or of the mails to offer to sell or offer to buy through the use or medium of any prospectus or otherwise any security, unless a registration statement has been filed with the Commission as to such security, or while the registration statement is the subject of a refusal order or stop order or (prior to the effective date of the registration statement) any public proceeding or examination under Section 8 of the Securities Act [15 U.S.C. § 77h].

III.

IT IS HEREBY FURTHER ORDERED, ADJUGED, AND DECREED that, Defendant and Defendant's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Judgment by personal service or otherwise are permanently restrained and enjoined from violating, directly or indirectly, Section 15(a) of the Exchange Act [15 U.S.C. § 78o(a)] to use the mails or any means or instrumentality of interstate commerce, directly or indirectly, to effect any transactions in, or to induce or

attempt to induce the purchase or sale of, any security unless Defendant is registered in accordance with Section 15(b) of the Exchange Act [15 U.S.C. § 78o(b)].

V.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the Consent is incorporated herein with the same force and effect as if fully set forth herein, and that Defendant shall comply with all of the undertakings and agreements set forth therein.

VII.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Judgment.

Dated: May 3, 2018.

_James C. Mahan_____
Honorable James C. Mahan
United States District Judge


Presented by:

/s/ Daniel J. Wadley_____
Daniel J. Wadley
Alison J. Okinaka
Attorneys for Plaintiff
Securities and Exchange Commission