David D. Whipple (NY Reg. No. 4902565)
whippleda@sec.gov
Amy J. Oliver (Utah State Bar No. 8785)
olivera@sec.gov
Daniel J. Wadley (Utah State Bar No. 10358)
wadleyd@sec.gov
Alison J. Okinaka (Utah State Bar No. 07954)
okinakaa@sec.gov
Counsel for Plaintiff
Securities & Exchange Commission
351 S. West Temple, Suite 6.100
Salt Lake City, Utah 84101
Tel.  801-524-5796
Fax: 801-524-3558

UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, ) <br> ) <br> PLAINTIFF, ) <br> ) <br> v. ) <br> ) <br> JAMES B. CATLEDGE, DEREK F. C. ELLIOTT, ) <br> EMI RESORTS (S.V.G.) INC., a St. Vincent and ) <br> Grenadines corporation, EMI SUN VILLAGE, ) <br> INC., a Turks and Caicos Islands corporation, and ) <br> SUN VILLAGE JUAN DOLIO, INC., a Turks and ) <br> Caicos Islands corporation, ) <br> ) <br> DEFENDANTS, ) <br> ) <br> and ) <br> ) <br> D.R.C.I. TRUST, a Cook Islands trust, ) <br> ) <br> RELIEF DEFENDANT. ) <br> ) | Civil No. 2:12-cv-00887-JCM-NJK <br><br> **PLAINTIFF'S BRIEF IN SUPPORT OF ITS MOTION FOR FINAL JUDGMENT AGAINST DEFENDANT JAMES B. CATLEDGE** |

Plaintiff United States Securities & Exchange Commission (the "Commission"), through its undersigned counsel, respectfully submits this supplemental briefing in support of its motion for entry of final judgment against Defendant James B. Catledge as directed by the Court's September 18, 2019 Order (ECF No. 63) (the "Court Order").

Specifically, the Court Order directed the Commission to submit supplemental briefing that explains how the approximately $163 million raised from investors was used, and address what amount of the funds, if any, was: (1) returned to investors to maintain the scheme; (2) properly invested in the Cofresi and Juan Dolio properties in accordance with the investment contracts; and (3) allocated to commissions, separate ventures, and otherwise.  The Court Order did not require an exhaustive accounting but rather requested only the total amount of funds that was allocated to each of the listed categories.

The Commission respects the Court's desire for more information to properly assess the propriety of the requested disgorgement amount.  This brief provides information currently known for the requested categories and further demonstrates why the requested disgorgement amount reasonably approximates the amounts of Catledge's unjust enrichment. In sum, the Commission submits the following figures for the categories as requested by the Court's Order:[1]

| | |
|---|---|
| Investment Funds Raised from Investors: | <u>$163.8 million</u> |
| Funds Returned to Investors: | $6.8 million |
| Funds Properly Invested in Cofresi and Juan Dolio: | $8 million |
| Commissions: | $58.9 million |
| Funds Diverted to Separate Ventures, Operating Expenses, or Otherwise: | $90.1 million |

---

[1] All numbers in the list are approximate and represent the minimum numbers actually known for each category.  These figures also slightly alter the Court Order's third category to simply carve out "Commissions" as its own category.

2

Of the total $58.9 million in commissions, Catledge, or related parties he owned and/or controlled, received at least $30,285,656. As more fully explained below, Commission counsel is unable to provide more concise figures for each of the requested categories due to numerous limitations on the Commission's pre-suit investigation and the subsequent stay of the case limiting discovery.

## I.     Limitations of the Commission's Pre-Suit Investigation and Lack of Discovery

To date, the Commission staff has been unable to further segregate the categories above as a result of: (a) Defendants' extensive commingling of investor funds; (b) Defendants' failure to maintain adequate books and records; (c) Catledge's invocation of his Fifth Amendment privilege against self-incrimination during the Commission's pre-suit investigation; and (d) staying the civil litigation pending the resolution of the criminal charges against Catledge in *United States v. James Catledge, et al.* case no. 3:12-cr-00678 (N.D. Cal) (ECF No. 20) thereby prohibiting the Commission from engaging in discovery for the litigation.

As a result, the figures listed above reflect the Commission's best understanding of those figures at the time it filed its complaint in May 2012. Some of the figures, such as amounts returned to investors, may now be different as a result of the subsequent civil lawsuits and related settlements that occurred since the filing of the complaint. *See, e.g., United States v. James Catledge, et al.* case no. 3:12-cr-00678 (N.D. Cal) (ECF No. 278 at 1) (Catledge sentencing memorandum highlighting Catledge-related settlements in excess of $3.1 million). It is Commission counsel's understanding that the amounts paid to settle these lawsuits and any other related returns paid to investors were taken into account for determining the appropriate criminal restitution.

II.	**Disgorgement of Approximately $32 million is Appropriate and Reasonably Approximates the Amount of Catledge's Unjust Enrichment**

The Court's Order appropriately describes the legal standard for disgorgement.  In short, the district court has broad powers in equity to order the disgorgement of "ill-gotten gains" obtained through the violation of federal securities laws, *SEC v. First Pac. Bancorp.*, 142 F.3d 1186, 1191 (9th Cir. 1998), and has broad discretion in calculating the amount to be disgorged. *SEC v. JT Wallenbrock & Assocs.*, 440 F.3d 1109, 1113 (9th Cir. 2006).  Additionally, once the Commission establishes a reasonable approximation of the defendant's actual profits, however, "the burden shifts to the defendants to 'demonstrate that the disgorgement figure was not a reasonable approximation.'" *SEC v. Platform Wireless Int'l Corp.*, 617 F.3d 1072, 1096 (9th Cir. 2010) (*quoting SEC v. First City Fin. Corp.*, 890 F.2d 1215, 1232 (D.C. Cir. 1989).

Commission cases are often stayed when the underlying conduct also involves parallel criminal proceedings.  As in this case, once stayed, the Commission routinely will not seek to lift the stay until resolution of pending criminal charges.  Often, if the criminal case results in a conviction and a restitution order, the Commission will then seek to leverage the factual development and related efforts of criminal authorities in evaluating whether or not to seek additional monetary relief in its own civil case once the stay is lifted.  If the criminal restitution amounts are at least the same or more than the amounts the Commission would have sought for disgorgement, the Commission routinely seeks the civil court to enter similar amounts for disgorgement but then deem it satisfied so as to not duplicate efforts in collecting on the judgments against the defendants.  *See, e.g., SEC v. Andrews et al.*, case no. 2:17-cv-00256 (D. Utah 2018) (ECF No. 9) (ordering defendant liable for disgorgement of $1 million but deeming it satisfied based on same amount of criminal restitution imposed in the related criminal matter);

*SEC v. Jersey Consulting LLC et al.*, case no. 2:18-cv-00155 (D. Utah 2019) (ECF No. 167) (ordering defendant liable for disgorgement and prejudgment interest in excess of $9.3 million but permitting it to be offset by the amount of Restitution and/or Forfeiture entered in the related criminal case).

Here, of the total $58.9 million in commissions alleged in the Commission's complaint[2], Catledge, or related parties he owned and/or controlled, received at least $30,285,656. Although the Commission's case has been stayed since late 2012, the criminal authorities continued to investigate the underlying conduct and determined that appropriate restitution should be $32,737,143.65.[3] As a result of the limitations discussed above on its pre-suit investigation and subsequent stay of the litigation, the Commission has no better information than what supports the underlying restitution determination. After reviewing the amount of restitution ordered in the criminal case against Catledge, and comparing it to the amount of commissions that Catledge and/or his related parties received, the Commission determined that the restitution amount reasonably approximated what it might have sought had its case continued into litigation. Accordingly, the Commission filed its motion seeking that the court enter disgorgement equal to the amount of ordered restitution but deem it satisfied in light of the related criminal sanctions.

### III.    Conclusion

For the foregoing reasons, the Commission's requested disgorgement reasonably approximates Catledge's unjust enrichment. Moreover, Catledge did not oppose the

---

[2] For purposes of the motion relating to this supplemental brief, Catledge has consented to the Court accepting and deeming as true the allegations of the Complaint (ECF No. 43 at pp. 2-3; ECF No. 58 at footnote 1).

[3] While this motion was pending, the criminal court adjusted the restitution amount upwards by $170,828.12 for a new ordered restitution amount of $32,907,971.77. *United States v. James Catledge*, et al. case no. 3:12-cr-00678 (N.D. Cal) (ECF No. 372).

disgorgement amount requested or argue for an alternative amount by demonstrating why the Commission's requested disgorgement is not a reasonable approximation. (ECF No. 61). Accordingly, the Commission respectfully requests that the Court grant the Commission's Motion for Entry of Final Judgment Against Defendant James B. Catledge.

DATED this 2nd day of October, 2019.          Respectfully submitted,

                                              /s/ David D. Whipple  
                                              David D. Whipple  
                                              Counsel for Plaintiff  
                                              Securities and Exchange Commission

**CERTIFICATE OF SERVICE**

I hereby certify that on the 2nd day of October, 2019, I served a true and correct copy of the foregoing BRIEF IN SUPPORT OF ITS MOTION FOR FINAL JUDGMENT AGAINST DEFENDANT JAMES B. CATLEDGE via the Court's ECF System.

/s/ David D. Whipple
Counsel for Plaintiff
Securities and Exchange Commission