UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff(s),<br><br>v.<br><br>JAMES B. CATLEDGE, et al.,<br><br>Defendant(s). | Case No. 2:12-CV-887 JCM (NJK)<br><br>ORDER |

Presently before the court is plaintiff Securities and Exchange Commission's ("SEC") motion for entry of final judgment against defendant James B. Catledge. (ECF No. 58). Catledge filed a response (ECF No. 61), but the SEC has not filed a reply, and the time for doing so has passed.

**I.  Background**

On May 24, 2012, the SEC filed a complaint against Catledge, Derek F.C. Elliott, EMI Resorts (S.V.G.) Inc., EMI Sun Village, and Sun Village Juan Dolio, Inc., alleging the defendants solicited investments in a fraudulent scheme involving the offer and sale of over $163 million of investment contracts in unregistered transactions to approximately 1,200 investors. (ECF No. 1). On May 3, 2018, the court approved a consent judgment between the SEC and Catledge. (ECF No. 44).

The SEC now requests that the court enter final judgment as to Catledge. The SEC asks this court to order Catledge to pay $32,737,143.65 in disgorgement and to issue a permanent injunction against Catledge, enjoining him from future violation of the federal Securities Act and Exchange Act.

**James C. Mahan**
**U.S. District Judge**

On September 18, 2019, the court ordered the SEC to submit supplemental briefing to explain how the approximately $163 million taken from investors was used. (ECF No. 63). In that same order, the court declined to issue a civil penalty against Catledge. *Id*. The court received the SEC's supplemental brief on October 2, 2019. (ECF No. 69).

The court is now confronted with a different issue. In light of the Supreme Court's decision in *Kokesh v. S.E.C.*, 137 S. Ct. 1635 (2017), the court requires additional information on when the conduct at issue occurred before final judgment may be entered against Catledge.

## II. Legal Standard

Pursuant to 28 U.S.C. § 2462, a five-year statute of limitations applies to any "action, suit or proceeding for the enforcement of any civil fine, penalty, or forfeiture, pecuniary or otherwise." In *Kokesh*, the Supreme Court held that "[d]isgorgement in the securities-enforcement context" is a "penalty" subject to that five-year limitations period. 137 S. Ct. at 1639 (2017).

## III. Discussion

The instant enforcement action was filed on May 24, 2012. (ECF No. 1). Pursuant to 28 U.S.C. § 2462, the five-year statute of limitations prohibits disgorgement here for conduct occurring before May 24, 2007. *See Kokesh*, 137 S. Ct. at 1639.

The complaint indicates that the defendants participated in this scheme from 2004 to 2009, but neither the complaint nor any of the briefing before the court has addressed when certain funds were actually taken from investors. The SEC is thus directed to submit supplemental briefing to explain what amount of the approximately $163 million at issue was appropriated by the defendants prior to May 24, 2007.

## IV. Conclusion

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that within fourteen (14) days of the date of this order, the SEC submit supplemental briefing, not to exceed ten (10) pages, explaining what amount of the approximately $163 million at issue was appropriated by the defendants prior to May 24, 2007. The SEC need not provide an exhaustive accounting;

James C. Mahan
U.S. District Judge

- 2 -

rather, the SEC should provide only the total amount of funds that were taken by the defendants before May 24, 2007.

DATED October 22, 2019.

_____
UNITED STATES DISTRICT JUDGE