David D. Whipple (NY Reg. No. 4902565)
whippleda@sec.gov
Amy J. Oliver (Utah State Bar No. 8785)
olivera@sec.gov
Daniel J. Wadley (Utah State Bar No. 10358)
wadleyd@sec.gov
Counsel for Plaintiff
Securities & Exchange Commission
351 S. West Temple, Suite 6.100
Salt Lake City, Utah 84101
Tel.  801-524-5796
Fax: 801-524-3558

UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>PLAINTIFF,<br><br>v.<br><br>JAMES B. CATLEDGE, DEREK F. C. ELLIOTT, EMI RESORTS (S.V.G.) INC., a St. Vincent and Grenadines corporation, EMI SUN VILLAGE, INC., a Turks and Caicos Islands corporation, and SUN VILLAGE JUAN DOLIO, INC., a Turks and Caicos Islands corporation,<br><br>DEFENDANTS,<br><br>and<br><br>D.R.C.I. TRUST, a Cook Islands trust,<br><br>RELIEF DEFENDANT. | Civil No. 2:12-cv-00887-JCM-NJK<br><br>PLAINTIFF'S RESPONSE TO DEFENDANT CATLEDGE'S MOTION TO SET ASIDE AND/OR AMEND ORDER AND JUDGMENT<br>(DOCKET NO. 81) |

Plaintiff Securities and Exchange Commission (the "Commission") respectfully submits this Response to Defendant Catledge's Motion to Set Aside and/or Amend Order and Judgment ("Defendant's Motion").  Docket No. 81.

1

# INTRODUCTION

Defendant's Motion requests that this Court vacate and/or alter the Order and Final Judgment entered against Defendant Catledge at Docket numbers 78 (Order) and 79 (Final Judgment). In response, the Commission first acknowledges that the Court has broad powers to order disgorgement as well as the discretion in determining the appropriate method to calculate any disgorgement amount. The Commission has previously submitted its positions and arguments regarding a proper disgorgement amount in prior court filings (s*ee* Docket Nos. 58, 69, and 75). In the Commission's view, $6,375,927.58 is a reasonable approximation of the funds subject to disgorgement in this case. This amount reflects two considerations: (1) the Commission's understanding is that Defendant's misconduct ended in or around July 2008, and as a result of *Kokesh v. SEC*, 137 S. Ct. 1635 (2017), disgorgement and prejudgment interest should be limited accordingly; and (2) money returned to investors should be deducted from the defendant's disgorgement obligation, *see SEC v. Prime One Partners, Corp.*, 1997 WL 222329, at *1 (9th Cir. 1997) ("[A]ny money returned to investors would not be subject to disgorgement."); *SEC v. Capital Solutions Monthly Income Fund, L.P.*, 28 F. Supp. 3d 887, 897 (D. Minn. 2014) ("The Court agrees that monthly distributions received by investors are properly excluded [from disgorgement]"). Accordingly, the Commission submits this response solely to address two additional issues raised by the Defendant's Motion, namely (1) Defendant's argument that the Court lacks jurisdiction to order disgorgement, and (2) Defendant's repeated request for the Court to permit discovery.

## THE COURT HAS JURISDICTION TO ORDER DISGORGEMENT AGAINST DEFENDANT CATLEDGE

The Defendant's Motion argues that "the disgorgement Order and the Judgment in this case is strictly punitive and there is no congressional statutory authority for a disgorgement order

to be imposed by the Court." Docket No. 81. The Defendant's Motion also argues that "the Judgement and Order should be vacated and set aside pending ruling from the U.S. Supreme Court in *Liu*."[1] *Id.*

Although Catledge contends that *Liu* may change the law, controlling Circuit precedent holds that courts have authority to order disgorgement in SEC actions. *SEC v. Liu*, 754 Fed. Appx. 505, 509 (9th Cir. Oct. 25, 2018), *cert. granted*, *Liu v. SEC*, 18-1501; *SEC v. Weaver*, 773 Fed. Appx. 354, 356-57 (9th Cir. May 8, 2019); *SEC v. Hooper*, 769 Fed. Appx. 457, 458 (9th Cir. Apr. 30, 2019). Other courts have recognized that, even after the Court granted *certiorari* in *Liu*, courts may continue to award disgorgement under existing precedent. *SEC v. Team Resources Inc. et. al*, 942 F.3d 272, 278 (5th Cir. Nov. 5, 2019) (affirming disgorgement award notwithstanding *certiorari* grant in *Liu*, and noting that "even when the Supreme Court has granted certiorari in a relevant case, we will continue to follow binding precedent"); *SEC v. de Maison*, 18-2564 (2d Cir.) (orders dated November 14, 2019 and November 19, 2019) (denying motion to hold a rehearing petition challenging disgorgement in abeyance pending *Liu*, and subsequently denying the rehearing petition); *SEC v. Dalmy*, 2019 WL 6465362 (D. Col. Dec. 2, 2019) (recognizing that the Supreme Court granted certiorari in *Liu*, but ruling that "the Court will continue to follow settled precedent and order disgorgement").

Accordingly, it is clear that the Court has the authority to order disgorgement against Defendant Catledge.

---

[1] As noted in a prior Commission brief, the Supreme Court has granted certiorari to address whether courts possess authority to order disgorgement in SEC proceedings. *See Liu v. SEC*, 18-1501 (S. Ct.). Docket No. 75, n.1.

3

# **THE COURT DID NOT DEPRIVE DEFENDANT OF DISCOVERY**

The Defendant's Motion also contends that, under the consent order, Defendant Catledge had a right to discovery regarding the disgorgement issue and was not given the opportunity to address the Court's concerns. Docket No. 81 at 6. This identical argument was recently addressed by the Court of Appeals for the Fifth Circuit which held, in relevant part:

> [T]he district court did not deprive Appellants of discovery. The court entered the parties' settlement agreements, in which they agreed that '[i]n connection with the [SEC]'s motion for discovery from appropriate non-parties.' This was the opposite of 'denying' Appellants discovery. By ratifying the settlement agreements, the court authorized the discovery to which the parties agreed. Appellants, however, failed to follow through by seeking any discovery.

*SEC v. Team Resources Inc. et. al*, 942 F.3d 272, 278 (5th Cir. Nov. 5, 2019).

Here, the Court similarly did not deprive Catledge of discovery. The Court entered the parties' settlement agreements, in which the parties agreed that "[i]n connection with the Commission's motion for disgorgement and/or civil penalties, the parties may take discovery, including discovery from appropriate non-parties." Docket Nos. 43 and 44. By entering the consent order, the Court ratified the settlement agreement and authorized the discovery to which Catledge now requests. And, from July 16, 2019 to December 16, 2019, (the period between the Commission's motion for Final Judgment and the court's order granting the motion for Final Judgment), Catledge made no attempt to seek the discovery he now claims he wants.

Moreover, it is unclear what discovery Catledge could obtain here. As previously briefed before the Court, the Commission has stated it is unable to further segregate certain figures concerning potentially disgorgeable amounts as a result of the defendants' commingling of investor funds, defendants' failure to maintain adequate books and records, Catledge's invocation of his Fifth Amendment privilege against self-incrimination, and the stay of this case

pending resolution of the criminal action thereby preventing the Commission from engaging in discovery.  *See, e.g.,* Docket No. 69.  Any information that could be used to rebut the Commission's reasonable approximation for disgorgement – *e.g.,* business records, exhibits submitted in support of the instant motion *etc.* – has always been in Catledge's possession.  Accordingly, the Court did not deprive Catledge of discovery and should not permit it now.

## CONCLUSION

In sum, the Court (1) has the authority to order disgorgement against Defendant Catledge, and (2) did not deprive him of discovery and should not permit it now.  With respect to the proper disgorgement amount, the Commission has previously submitted its positions and arguments regarding a proper disgorgement amount in prior court filings.

DATED this 23rd day of January, 2020.            Respectfully submitted,

       /s/ David D. Whipple
David D. Whipple
Counsel for Plaintiff
Securities and Exchange Commission

**CERTIFICATE OF SERVICE**

  I hereby certify that on the 23rd day of January, 2020, I served a true and correct copy of the foregoing PLAINTIFF'S RESPONSE TO DEFENDANT CATLEDGE'S MOTION TO SET ASIDE AND/OR AMEND ORDER AND JUDGEMENT (DOCKET NO. 81) via the Court's ECF System.

              /s/ David D. Whipple
              Counsel for Plaintiff
              Securities and Exchange Commission