UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>　　　　　　　　　　Plaintiff(s),<br><br>　　v.<br><br>JAMES B. CATLEDGE, et al.,<br><br>　　　　　　　　　　Defendant(s). | Case No. 2:12-CV-887 JCM (NJK)<br><br>ORDER |

Presently before the court is defendant James Catledge's motion to set aside and/or amend order and judgment pursuant to FRCP 52, 59, and 60. (ECF No. 81). Plaintiff Securities and Exchange Commission ("SEC") filed a response (ECF No. 82), to which defendant replied (ECF No. 83).

**I.	Background**

On May 24, 2012, the SEC filed a complaint against Catledge, Derek F.C. Elliott, EMI Resorts (S.V.G.) Inc., EMI Sun Village, and Sun Village Juan Dolio, Inc., alleging the defendants solicited investments in a fraudulent scheme involving the offer and sale of over $163 million of investment contracts in unregistered transactions to approximately 1,200 investors. (ECF No. 1). The complaint includes five causes of action: (1) violation of Section 17(a)(1) of the Securities Act of 1933, 15 U.S.C. § 77q(a)(1), against all defendants; (2) violation of Section 17(a)(2) and (3) of the Securities Act, 15 U.S.C. § 77q(a)(2) and (3), against all defendants[1]; (4) violation of Sections 5(a) and (c) of the Securities Act, 15 U.S.C. § 77e(a) and (c), against Catledge, Elliott, EMI Sun Village, and Sun Village Juan Dolio; (5) violation of Section 15(a) of

---

[1] The complaint omits a third cause of action. (ECF No. 1).

**James C. Mahan**
**U.S. District Judge**

the Exchange Act, 15 U.S.C. § 780(a), against Catledge and Elliott; and (6) unjust enrichment of relief defendant D.R.C.I. trust. *Id.*

On December 20, 2012, and SEC and Catledge filed a joint stipulation to stay this case pending resolution of the criminal charges against Catledge in *United States v. James Catledge*, *et al.*, case no. 3:12-cr-00678 (N.D. Cal.) ("criminal action"). (ECF No. 20). The court granted the motion to stay on December 21, 2012. (ECF No. 23).

On May 2, 2018, Catledge pleaded guilty to one count of mail fraud. *Catledge*, case no. 3:12-cr-00678, ECF Nos. 241, 242. On December 12, 2018, he was sentenced to a term of sixty (60) months imprisonment to be followed by three (3) years of supervised release. *Id*. at ECF No. 303. Restitution in the amount of $32,737,143.65 was imposed on May 15, 2019. *Id*. at ECF No. 339.

On May 3, 2018, the court approved a consent judgment between the SEC and Catledge. (ECF No. 44). The Catledge consent judgment fully incorporates the stipulated consent, which provides, in relevant part, that:

> [T]he Court shall determine whether it is appropriate to order disgorgement of ill-gotten gains and/or a civil penalty pursuant to Section 20(d) of the Securities Act [15 U.S.C. § 77t(d)] and Section 21(d)(3) of the Exchange Act [15 U.S.C. § 78u(d)(3)] and, if so, the amount(s) of the disgorgement and/or civil penalty. The Defendant further understands that, if disgorgement is ordered, Defendant shall pay prejudgment interest thereon, calculated from October, 2004, based on the rate of interest used by the Internal Revenue Service for the underpayment of federal income tax as set forth in 26 U.S.C. § 6621(a)(2).

(ECF Nos. 43 at 2, 44 at 4). The consent judgment also provides that "solely for the purposes of such motion [for disgorgement], the allegations of the [c]omplaint shall be accepted as and deemed true by the [c]ourt." (ECF No. 44). No provision is made for the imposition of a civil penalty. *Id*. In addition, the Catledge consent judgment provides for the issuance of a permanent injunction, enjoining future violation of the federal Securities Act and Exchange Act. *Id*.

On June 28, 2019, the SEC filed a motion to lift the stay (ECF No. 56) following the resolution of the criminal action against Catledge, which this court granted on July 3, 2019 (ECF No. 57).

In their initial motion for final judgment as to Catledge, the SEC asked this court to "order Catledge to pay $32,737,143.65 in disgorgement but deem it satisfied based upon the

James C. Mahan
U.S. District Judge

- 2 -

entry of the restitution order in that amount, and not impose any prejudgment interest." (ECF No. 58 at 4). The SEC also asked this court to issue a permanent injunction against Catledge, enjoining him from future violation of the federal Securities Act and Exchange Act. *Id*.

On September 18, 2019, the court ordered the SEC to submit supplemental briefing to explain how the approximately $163 million taken from investors was used. (ECF No. 63). In that same order, the court declined to issue a civil penalty against Catledge. *Id*. The SEC submitted its response on October 2, 2019. (ECF No. 69). The SEC again requested disgorgement in the amount $32,737,143.65. *Id*.

In light of the Supreme Court's decision in *Kokesh v. S.E.C.*, 137 S. Ct. 1635 (2017),[2] the court ordered additional supplemental briefing. (ECF No. 72). The SEC was directed to explain what amount of the approximately $163 million at issue was appropriated by the defendants prior to May 24, 2007. *Id*. The SEC submitted its response on November 26, 2019. (ECF No. 75). The SEC then sought disgorgement in the amount of $6,375,927.58. *Id*.

On December 16, 2019, this court ordered final judgment against Catledge, finding, in part, that he was liable for $56,920,276.24 in disgorgement. (ECF Nos 78; 79). Catledge timely filed a motion to set aside the court's order and corresponding judgment. (ECF No. 81). The SEC filed a response (ECF No. 82), to which Catledge replied (ECF No. 83).

**II.    Legal Standard**

Rule 59(e) "permits a district court to reconsider and amend a previous order[;]" however, "the rule offers an extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003) (internal quotations omitted). A motion for reconsideration "should not be granted, absent highly unusual circumstances." *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000).

On one hand, a motion for reconsideration "may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation."

---

[2] In *Kokesh*, the Supreme Court held that "[d]isgorgement in the securities enforcement context" is a "penalty" subject to a five-year limitations period. 137 S. Ct. at 1639 (2017).

**James C. Mahan**
**U.S. District Judge**

- 3 -

*Kona Enters., Inc.*, 229 F.3d at 890. On the other hand, "[a] movant must not repeat arguments already presented unless (and only to the extent) necessary to explain controlling, intervening law or to argue new facts. A movant who repeats arguments will be subject to appropriate sanctions." LR 59-1(b).

Thus, the Ninth Circuit has provided that "[r]econsideration is appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *School Dist. No. 1J v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993); Fed. R. Civ. P. 60(b). "A motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment." Fed. R. Civ. P. 59(e).

### III. Discussion

During the pendency of this motion, the Supreme Court issued its decision in *Liu v. SEC*, 591 US __ (2020). The Court determined that "a disgorgement award that does not exceed a wrongdoer's profits and is awarded for victims is equitable relief" and clarified that disgorgement should be limited to "net profits from wrongdoing after deducting legitimate expenses." *Id.* In light of *Liu* and the parties' motion to amend the judgment under Rule 59, this court will amend its order of final judgment as to the disgorgement.[3]

Central to this court's reconsideration is the Supreme Court's delineation of net profits being the only proceeds subject to disgorgement. *See id.* In court-ordered supplemental briefing on the motion for judgment, the SEC identified a total of $163.8 million involved in the instant suit, accounted for as follows:

| | |
|---|---|
| Investment Funds Raised from Investors: | $163.8 million |
| Funds Returned to Investors: | $6.8 million |
| Funds Properly Invested in Cofresi and Juan Dolio: | $8 million |
| Commissions: | $58.9 million |
| Funds Diverted to Separate Ventures, Operating Expenses, or Otherwise: | $90.1 million |

(ECF No. 69).

---

[3] The court will not revisit its order of final judgment as it pertains to the injunctive relief. The parties do not contest the injunctive relief and argue only the disgorgement. (*See* ECF Nos. 81; 82; 83).

James C. Mahan
U.S. District Judge

- 4 -

1    While the funds in the first two categories may have benefitted Catledge, they are not net profits.  Therefore, considering the Supreme Court's ruling in *Liu*, this court will not include the funds properly invested or returned to investors—totaling $14.8 million—as part of the disgorgement order.

    The court will not consider funds that Catledge never controlled to be part of the disgorgement order.  This would eliminate the $90.1 million in the last category, as well as the total in commissions that went to other parties.  Thus, the court will accept that Catledge received at least $30,285,656 over the entire alleged period from 2004–2009.

    Further, the court finds upon review that the SEC calculation of income per quarter is an accurate assessment.  *Id.*  Dividing the total amount Catledge received by the nineteen fiscal quarters involved results in a quarterly average of $1,593,981,89.  There are a total of eight fiscal quarters within the five-year statute of limitations.  *See Kokesh v. SEC*, 137 S. Ct. 1635 (2017).  This means, at most, $12,751,855.16 is eligible for a disgorgement order.  (ECF No. 69).

    Finally, upon reconsideration, the court credits the statement in the plea agreement in the parallel case that Catledge and his company stopped sales in July 2008.  *See Catledge*, No. 3:12-cr-00678 (N.D. Cal.).  Catledge's only involvement in the instant conduct was through his sales organization.  Catledge did not receive net profit when he was not involved.  (*See* ECF No. 75).  Therefore, Catledge is liable for the average amount over the four fiscal quarters in which he was involved in the fraud during the statute of limitations, a total of $6,375.927.58.

    This calculation embodies the terms the parties set out in the settlement agreement.  (See ECF Nos. 58; 81; 82).  The court will deem this disgorgement satisfied in full by the restitution ordered in the parallel criminal proceeding.  *See Catledge*, No. 3:12-cr-00678 (N.D. Cal.) at ECF No. 339.  Therefore, Cateldge will not be liable for prejudgment interest, as the SEC concedes in its motion for final judgment. (ECF No. 58 at 3).  Prejudgment interest is designed to make whole defrauded investors.  *See SEC v. Vassallo*, 22 F. Supp. 3d 1063, 1067 (E.D. Cal. 2014).  The investors have already been made whole by the restitution order in the parallel criminal proceeding.  There is no need to duplicate judgment against Catledge.

. . .

**James C. Mahan**
**U.S. District Judge**

- 5 -

**IV.    Conclusion**

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that defendant's motion to reconsider (ECF No. 81) be, and the same hereby is, GRANTED.

IT IS FURTHER ORDERED that this court's order granting final judgment (ECF No. 78) and the corresponding judgment (ECF No. 79) be, and the same hereby are, AMENDED, as follows.

IT IS FURTHER ORDERED that Cateledge is liable for disgorgement in the amount of $6,375.927.58, deemed satisfied by the criminal sentencing order entered on May 15, 2019, in *United States v. James Catledge*, *et al.,* case no. 3:12-cr-00678 (N.D. Cal.), which orders Catledge to pay restitution in the amount of $32,737,143.65..

IT IS FURTHER ORDERED that Catledge is not liable for prejudgment interest.

The clerk shall enter final judgment against Catledge accordingly.

DATED July 2, 2020.

                                                                   _____
                                                                   UNITED STATES DISTRICT JUDGE